JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant Curtis U. Rose ("appellant") appeals his conviction and sentence on one count of felonious assault. For the reasons stated below, we affirm.
 I. {¶ 2} On or about September 22, 2002, the victim, Latrice Shelton ("Shelton"), asked appellant if he would drive her and her disabled father to the grocery store.[1] Appellant agreed to drive the pair for $5, charging an additional $5 to help Shelton carry the groceries back to the car. When they were finished shopping, Shelton gave appellant $20 and appellant indicated he would return with her change. Instead, appellant drove off leaving Shelton and her father at the store.
 {¶ 3} On September 24, 2002, Shelton saw appellant and asked for the change from the $20. Appellant stated: "Bitch, I don't owe you anything." As Shelton was walking toward appellant, appellant went into the trunk of his car and withdrew a four-way tire iron. Shelton attempted to walk away from the situation, but appellant went towards her swinging the tire iron. Although missing on his first attempt, appellant swung again and struck Shelton on the arm as she protected her head. Appellant then fled the scene in his vehicle. Shelton was taken to Lutheran Hospital for evaluation and treatment.
 {¶ 4} On September 25, 2002, appellant again confronted Shelton, this time threatening to kill her. Shelton reported the incident to police. A few days later, Shelton saw appellant, notified nearby police officers of the earlier incident and report, and appellant was arrested.
 {¶ 5} In October 2002, appellant was indicted on one count of felonious assault, in violation of R.C. 2903.11. On January 29, 2003, trial commenced. At the conclusion of the state's case, appellant moved the court for a one-day continuance in order to procure two witnesses. The court denied this request, but delayed the presentation of appellant's case for two hours. Two of appellant's three witnesses failed to appear. On January 31, 2003, appellant was found guilty of felonious assault. On February 12, 2003, the court sentenced appellant to a term of eight years' imprisonment.
 {¶ 6} From his conviction and sentence, appellant timely appeals and advances three assignments of error for our review.
 II. {¶ 7} In his first assignment of error, appellant argues that he was deprived of his Sixth Amendment right to effective assistance of counsel. Specifically, he argues this deprivation occurred as a result of trial counsel disclosing privileged attorney-client communications to the trial judge, trial counsel's failure to object to the date of the indictment and to leading questions posed by the state, and trial counsel's failure to inform him of the need to subpoena witnesses for trial. For the reasons stated below, appellant's arguments are overruled.
 {¶ 8} In order to establish ineffective assistance of counsel, appellant must show that 1) the attorney's performance was seriously deficient, and 2) such deficiencies must have prejudiced the defense to such an extent that the results of the trial are unreliable. Strickland v. Washington (1984),466 U.S. 668. Appellant must demonstrate a reasonable probability that, but for counsel's unprofessional errors, the outcome of the trial would have been different. State v. Bradley (1989),42 Ohio St.3d 136. In the case sub judice, appellant has failed to establish that the outcome of the trial would have been different.
 {¶ 9} First, appellant argues that trial counsel improperly revealed privileged attorney-client communications to the court during a sidebar conference. Specifically, counsel informed the court that appellant "blurted out" that he didn't like the jury panel and that appellant "is the one who wanted a trial." Appellant opines that the judge may have been less likely to deny appellant's request for continuance if he had not been informed of appellant's discontent. Appellant's argument is meritless.
 {¶ 10} The state points out that appellant's statement that he did not like the jury panel was spoken at such a volume that the prosecutor, the jury, and the judge could hear him.[2]
The mere fact that trial counsel repeated appellant's previously heard opinion does not rise to the level of ineffective assistance of counsel. We agree.
 {¶ 11} Likewise, counsel's statement that it was her client who wanted to proceed to trial was proffered at sidebar and there is no evidence this statement was heard by the jury. Any privilege this fact once had was disclosed when appellant proceeded to trial. Counsel's statement of the obvious does not amount to ineffective assistance.
 {¶ 12} Appellant's second argument is that counsel failed to object when the date of indictment was called into question. When she was on the stand, Shelton stated that the assault took place two days after September 24, 2002. Although counsel may have objected, the trial transcript, taken as a whole, clearly reveals that the assault in question occurred on September 24, 2002.
 {¶ 13} Ms. Darden, an occupant of the shelter, testified that she witnessed the attack on September 24, 2002. Also, Officer David testified that he was called to the scene of the assault on September 24, 2002 and was told that appellant was the assailant. Although Shelton originally stated that the assault occurred after September 24, 2002, the other testimony in the case clearly shows that September 24, 2002 was the day of the assault.[3]
 {¶ 14} Thirdly, appellant argues that counsel failed to object to leading questions that were asked during trial. For instance, in relation to the date of the incident, the prosecutor stated to Shelton on direct examination: "September 24th, like we said earlier," to which Shelton responded, "Right." Appellant argues Shelton never independently stated the assault took place on September 24, 2002. Even had counsel objected to this line of questioning, we cannot say that the outcome of the case would have been different.
 {¶ 15} Appellant mistakenly concludes that had counsel objected, the trial court would have realized the indictment was faulty and, therefore, dismissed the case. As mentioned above, the testimony, taken as a whole, clearly establishes that the incident occurred on September 24, 2002. Any failure of counsel to object to this leading question was harmless.
 {¶ 16} Lastly, appellant argues counsel failed to inform him of the need to subpoena witnesses for trial. However, appellant admitted that he was aware of the trial date since the last pretrial. The court, upon learning that defense witnesses were not present, granted a two-hour continuance in order for appellant to present these witnesses. There has been no argument that trial counsel was aware of these witnesses before trial and refused to subpoena them. Appellant's counsel was asked:
"Court: Has there been any attempt to subpoena thesewitnesses?
 Ms. Burnett: No. He just told me the names yesterday. That'swhy I asked him yesterday if at all possible to have them heretoday."
 {¶ 17} Although appellant argues that he had two eyewitnesses to the assault that would have testified on his behalf, appellant has failed to state what they would have said. Therefore, we are without an explanation as to why these witnesses' testimonies would have altered the outcome of the trial. Appellant's argument is without merit.
 {¶ 18} Appellant's first assignment of error is overruled.
 III. {¶ 19} In his second assignment of error, appellant argues that the court erred by "(a) preventing the appellant from presenting a defense by not allowing appellant to call an eyewitness to the alleged assault; (b) denying the appellant's request for a jury instruction on a lesser included offense." For the reasons stated below, appellant's second assignment of error is overruled.
 {¶ 20} The decision to grant or deny a motion for continuance lies within the sound discretion of the trial court and cannot be reversed absent a showing that the decision was arbitrary, unreasonable, or unconscionable. State v. Unger (1981),67 Ohio St.2d 65, 67. In the case sub judice, appellant's request for continuance occurred during trial. The court was gracious enough to provide a two-hour continuance in order for appellant to have his witnesses appear. As stated above, although appellant argues that the testimony that would have been given would have been relevant and material, there is no mention of how or why. We find the trial court's denial of the requested continuance to be proper.
 {¶ 21} Appellant next argues that the court improperly refused to permit the lesser included offense of aggravated assault. The trial court denied appellant's request because it found no evidence that appellant was under a sudden fit of passion or rage or that any provocation on behalf of the victim caused appellant to become involved in the incident.
 {¶ 22} Appellant argues that his one witness, James King ("King"), testified that he witnessed a woman swing a tree branch or pipe at appellant's vehicle, thereby showing that appellant was provoked. The state argues that King's testimony is unreliable, in part because he did not know that Shelton was the woman in the incident to which he was testifying. The transcript reads:
"Q. * * * What I'm asking is, how do you know that — you don'tknow who the victim is in this case; right?
 Exactly.
 Q. You have no idea?
 No.
 Q. Okay. Okay. So how do you know you're even testifying aboutthe right situation if you don't even know who the victim is?
 I don't know. I don't know."
 {¶ 23} Additionally, King did not testify that appellant was even involved in the incident. Therefore, his testimony was proffered in support of appellant's presumed innocence, not to establish the commission of a lesser included offense or an offense of an inferior degree.
 {¶ 24} Contrary to appellant's argument, aggravated assault is not a lesser included offense of felonious assault. State v.Wong (1994), 95 Ohio App.3d 39. Rather, aggravated assault is an offense of an inferior degree. Id. Our review of the record shows that there is no evidence to suggest appellant was provoked; therefore, an instruction on aggravated assault would have been inappropriate.
 {¶ 25} Appellant's second assignment of error is overruled.
 IV. {¶ 26} In his final assignment of error, appellant argues that he has
 {¶ 27} "an automatic right of appeal under Ohio Revised Code section 2953.08(A)(1)(a) when sentenced to a maximum penalty for one offense." For the reasons stated below, appellant's assignment of error is overruled.
 {¶ 28} We glean from appellant's brief that he is arguing that the trial court's imposition of the maximum term of imprisonment was improper for not finding that appellant committed the worst form of the offense. Appellant contends that he could not have committed the worst form of the offense because Shelton was not permanently injured, she recovered well before trial, and she did not stay in the hospital overnight. Therefore, appellant concludes that his sentence should be reduced. We decline appellant's request.
 {¶ 29} Pursuant to R.C. 2929.14(C), a court may impose maximum sentences only upon offenders who 1) have committed the worst form of the offense; 2) pose the greatest likelihood of recidivism; 3) are certain major drug offenders; and 4) are certain repeat violent offenders. State v. Hecker, Cuyahoga App. No. 82071, 2003-Ohio-3953. While the court need not use the exact language of the statute, it must be clear from the record that the trial court made the required findings. State v.Scott, Cuyahoga App. No. 82146, 2003-Ohio-4066. In the case sub judice, it is clear that the trial court complied with R.C.2929.14(C).
 {¶ 30} The record clearly establishes that the court found appellant committed the worst form of the offense, had the greatest likelihood of committing future crimes, and that the maximum eight-year sentence was necessary to protect the public. Having made the required findings under the statute, the court noted the nature of the assault, namely, the use of a tire iron on a homeless woman. The court also noted appellant's extensive criminal history, which is comprised of ten prior felony convictions, to justify its finding that the sentence was required to protect the public. The court clearly met all requirements under the statute. Appellant's argument is meritless.
 {¶ 31} Appellant's third assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
McMonagle, J., concurs; Ann Dyke, P.J., concurs in JudgmentOnly.
[1] Shelton testified that she lived in the gymnasium of a women's shelter on the corner of East 18th Street and Superior Avenue. She knew appellant from the shelter as someone who would drive individuals to the store for a fee.
[2] The state's arguments were presented solely through its appellate brief. The state failed to appear at oral argument and failed to inform this court of its intent not to appear.
[3] Also, we find it persuasive that Shelton could have initially been discussing the events of September 26, 2002, wherein appellant threatened to kill her and when he was arrested.